01
02
03
04
05
06              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
07                       AT SEATTLE

08  JOE N. LOUIS,                         )   CASE NO. C06-1169-RSL
                                          )
09           Petitioner,                  )
                                          )
10      v.                                )   REPORT AND RECOMMENDATION
                                          )
11  RON VAN BOENING,                      )
                                          )
12           Respondent.                  )
    _____)
13

14                              INTRODUCTION

15      Petitioner is a Washington state prisoner who is currently serving a 228-month sentence

16  for robbery and kidnapping in the first degree. He has filed a *pro se* petition for a writ of habeas

17  corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer, along with the state court

18  record. Petitioner has filed a response to the answer. After considering the parties' submissions

19  and the balance of the record, the Court recommends that the petition be denied with prejudice.

20                              BACKGROUND

21      The Washington Supreme Court summarized the facts in petitioner's case as follows:

22          Under a pretext of shopping, Lisa Leighton and John Rucker entered a jewelry

REPORT AND RECOMMENDATION
PAGE -1

store that was owned by a husband and wife, Chol Yang and Sun Whang. Joe Louis, who had initially remained outside of the store, entered after the last customer had departed. Upon entering, Louis locked the outside door and proceeded to conceal his face with a stocking. At that point, Rucker drew a gun and aimed it at Whang. Louis then jumped over the counter and led Whang into a bathroom. Meanwhile, Rucker led Yang to the rear of the store, where he took Yang's wallet and keys. He then took Yang into the same bathroom in which Whang was being detained. Louis and Rucker proceeded to cover the couple's eyes and mouths with duct tape. They also bound the couple's hands and feet and warned them that if they left the bathroom, they would be killed. Yang and Whang waited a few minutes before freeing themselves. They then summoned the police. Louis, Rucker, and Leighton were subsequently arrested.

The King County prosecuting attorney charged Louis with first degree robbery of Whang (count IV) and Yang (count V), and first degree kidnapping of Whang (count VI) and Yang (count VII). The information contained an allegation that Louis was armed with a firearm during the commission of each of the aforementioned offenses. The jury found Louis guilty of the charges in counts IV, V, VI, and VII. It also returned a special verdict that Louis was armed with a firearm during the commission of each kidnapping and robbery.

The sentencing court imposed a standard range sentence of 54 months imprisonment on each count. It determined, however, that the robbery charge embodied in count IV encompassed the same criminal conduct as that alleged in the kidnapping charge set forth in count VI. It, therefore, ordered that the sentence on count IV run concurrently with the sentence on count VI. It made the same determination regarding counts V and VII. The sentencing court also determined that the kidnapping convictions should run consecutively to each other based on the fact that kidnapping is a serious violent offense and that kidnapping two different individuals constitutes separate and distinct criminal conduct for purposes of RCW 9.94A.589(1)(b). Finally, it imposed a mandatory 60-month firearm enhancement on each count, with two enhancements running concurrently with the robbery convictions and two enhancements running consecutively with the kidnapping convictions. The addition of firearm enhancements of 120 months resulted in a total sentence for Louis of 228 months in prison.

*State v. Louis*, 155 Wash. 2d 563, 566-68 (2005) (citations omitted).

Petitioner appealed to the Washington Court of Appeals and that court affirmed petitioner's conviction and sentence in an unpublished opinion. (Dkt. #17, Ex. 9). Petitioner filed a petition for review with the Washington Supreme Court and that court granted review. (*Id*., Ex.

REPORT AND RECOMMENDATION
PAGE -2

12).  On October 6, 2005, the court affirmed petitioner's conviction and sentence*State v. Louis*, 155 Wash. 2d 563, 566 (2005).  The court issued the mandate terminating review of petitioner's case on January 3, 2006.  (Dkt. #17, Ex. 20).

After paying his filing fee, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Dkt. #10).  Respondent filed his answer on December 1, 2006.  (Dkt. #15).  Petitioner then filed a motion to amend his habeas petition, seeking to add several new claims.  (Dkt. #20).  Respondent did not object and the Court granted petitioner's motion to amend.  (Dkt. #22).

Petitioner filed his amended habeas petition on February 16, 2007.  (Dkt. #26).  Respondent filed his answer to petitioner's amended petition on May 1, 2007.  (Dkt. #27).  Petitioner has filed a response to the answer, and the matter is now ready for review.

## GROUNDS FOR RELIEF

Petitioner sets forth the following grounds for relief in his habeas petition and amended petition[1]:

1. Convictions in counts IV and VI and Convictions in counts V and VII violate Double Jeopardy.

2. I was denied my U.S. Const. Sixth Amendment right to effective assistance of counsel.

3. The trial court's mismanagement of my case and the repeated continuances over my objections violated my right to a speedy trial.

4. Prosecutorial misconduct violated my Fifth and Fourteenth Amendments to the U.S. Constitutions [sic] right to a fair trial.

---

[1] The seventh, eighth, and ninth grounds for relief listed below are presented as grounds 1, 2, and 3 in petitioner's amended habeas petition.  (Dkt. #26 at 2-25).

REPORT AND RECOMMENDATION
PAGE -3

5. The accomplice liability instruction and firearm instruction violated my Fifth and Fourteenth U.S. Const. Right to Due Process.

6. The trial court failed to instruct the jury on the lesser-included offense of theft and second degree robbery, in violation of my Fifth and Fourteenth U.S. Const. Amendment right to Due Process.

[7.] The imposition of consecutive sentences based upon a judicial determination violates the Fifth and Sixth Amendments.

[8.] Dispensing different treatment to persons of different race, the Supreme Court of the State of Washington has used to separate sentencing schemes for the same crime, violating the equal protection clause of the Fourteenth Amendment.

[9.] The Washington Supreme Court ignored double jeopardy protections.

(Dkt. #10, #26).

## DISCUSSION

### Exhaustion

At the outset, respondent argues that petitioner has failed to exhaust his eighth ground for relief and that those claims are consequently unreviewable through a petition for a writ of habeas corpus. The exhaustion requirement has long been recognized as "one of the pillars of federal habeas corpus jurisprudence." *Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 984 (9th Cir. 1998) (citations omitted). In order to present a claim to a federal court for review in a habeas corpus petition, a petitioner must first have presented that claim to the state court. *See* 28 U.S.C. § 2254(b)(1). Underlying the exhaustion requirement is the principle that, as a matter of comity, state courts must be afforded "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981).

In addition, a petitioner must not only present the state court with the *first* opportunity to

01 remedy a constitutional violation, but a petitioner must also afford the state courts a *fair*
02 *opportunity*. *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982).
03 It is not enough that all the facts necessary to support the federal claim were before the state
04 courts or that a somewhat similar state law claim was made. *Harless*, 459 U.S. at 6. "[A] claim
05 for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as
06 well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S.
07 152, 162-63 (1996).

08 After reviewing the state court record, the Court finds that petitioner failed to exhaust his
09 eighth ground for relief. Petitioner appears to concede this point in his reply to respondent's
10 answer, in which he states that it was not possible for him to learn of the basis for this ground until
11 after his conviction was "finalized." (Dkt. #29 at 4). The reason for this delay, petitioner
12 contends, is that after it had decided petitioner's case, the Supreme Court of Washington issued
13 a decision in a similar case, but with a more favorable result to the appellant. *See State v. Korum*,
14 157 Wash. 2d 614 (2006). That difference, petitioner argues, was based upon the difference in
15 race between him and the appellant in the later case.

16 Petitioner's argument fails for several reasons. First, he does not explain why he could not
17 have sought review in the state court of this newly-discovered "evidence" by filing a personal
18 restraint petition. Second, petitioner appears to misapprehend the Washington Supreme Court's
19 decision in *Korum*. The issue that it shared with petitioner's appeal – whether a kidnapping charge
20 merged with a robbery charge – was not addressed by the Washington Supreme Court because
21 the State did not properly raise it. *See* 157 Wash. 2d at 625. Thus, contrary to petitioner's
22 assertion, the Washington Supreme Court did not rule favorably for the appellant in *Korum* on the

REPORT AND RECOMMENDATION
PAGE -5

same issue raised by petitioner; rather, the court declined to address the issue.

In any event, petitioner has not presented this issue to the state court and it must be considered unexhausted. *See Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). In addition, because more than one year has passed since his conviction became final, petitioner is now procedurally barred from raising either of his unexhausted claims in state court. *See* RCW § 10.73.090. When, as here, a petitioner has procedurally defaulted on a claim in state court, the petitioner "may excuse the default and obtain federal review of his constitutional claims only by showing cause and prejudice, or by demonstrating that the failure to consider the claims will result in a 'fundamental miscarriage of justice.'" *See Noltie v. Peterson,* 9 F.3d 802, 806 (9th Cir. 1993) (citing *Coleman v. Thompson,* 501 U.S. 722 (1991)). Petitioner has failed to show that "cause and prejudice" exist excusing his default on the unexhausted claim, nor has he shown that failure to consider the claim will result in a miscarriage of justice. Accordingly, petitioner's eighth ground for relief is barred from federal habeas review and should be denied.

Standard of Review for Remaining Claims

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's adjudication is *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d) (emphasis added). Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause,

01 a federal habeas court may grant the writ only if the state court identifies the correct governing

02 legal principle from the Supreme Court's decisions but unreasonably applies that principle to the

03 facts of the prisoner's case. *Id.* In addition, a habeas corpus petition may be granted if the state

04 court decision was based on an unreasonable determination of the facts in light of the evidence

05 presented. *See* 28 U.S.C. § 2254(d)

06       In *Lockyer v. Andrade,* 538 U.S. 63 (2003), the Supreme Court examined the meaning of

07 the phrase "unreasonable application of federal law" and corrected an earlier interpretation by the

08 Ninth Circuit which had equated the term with the phrase "clear error." The Court explained:

> These two standards, however, are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness. It is not enough that a federal habeas court, in its "independent review of the legal question" *is left with a "firm conviction" that the state court was "erroneous."* . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly *.* Rather, that application must be objectively unreasonable.

14 538 U.S. at 68-69 (emphasis added; citations omitted). Thus, the Supreme Court has directed

15 lower federal courts reviewing habeas petitions to be extremely deferential to decisions by state

16 courts. A state court's decision may be overturned only if the application is "objectively

17 unreasonable." 538 U.S. at 69.

18 <u>Petitioner's First Ground for Relief: Double Jeopardy Violation</u>

19 In his first ground for relief, petitioner argues that his convictions for kidnapping and for

20 robbery violated the Double Jeopardy provision of the Constitution, which prohibits being

21 punished twice for the same crime. The Court notes that this claim is identical to petitioner's ninth

22 ground for relief. It appears that petitioner inadvertently repeated the claim when he filed his

01 amended habeas petition. (Dkt. #26 at 18). Respondent, in his answer to the amended petition,

02 repeats exactly the same argument that he raised in his answer to the original petition. (*Compare*

03 Dkt. #27 at 21-25 with Dkt. #15 at 11-14). The Court need address petitioner's Double Jeopardy

04 claim only once, and will do so as it is presented in his first ground for relief.

05      "The applicable rule is that, where the same act or transaction constitutes a violation of

06 two distinct statutory provisions, the test to be applied to determine whether there are two

07 offenses or only one, is whether each provision requires proof of a fact which the other does not."

08 *Blockburger v. United States*, 284 U.S. 299, 304 (1932). [2]  Here, under Washington law,

09 kidnapping and robbery require proof of different facts: kidnapping requires proof of the use or

10 threatened use of deadly force and robbery requires the taking of personal property. *See State v.*

11 *Vladovic*, 99 Wash. 2d 413, 423-24 (1983). These two elements are not shared by each crime.

12 Accordingly, the state court decision rejecting petitioner's first ground for relief is not objectively

13 unreasonable and the claim should be denied.

14 <u>Petitioner's Second Ground for Relief: Ineffective Assistance of Counsel</u>

15      In his second ground for relief, petitioner argues that his trial counsel was ineffective for

16 failing to object to his in-court identification by one of the crime victims. Claims of ineffectiveness

17 of counsel are reviewed according to the standard announced in *Strickland v. Washington*, 466

18 U.S. 668, 687-90 (1984). In order to prevail, petitioner must establish two elements: First, he

19 must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective

20

---

21 [2] The Supreme Court's decision in *Blockburger* has since been limited but not in a manner
22 relevant to its application to petitioner's claim. *See Missouri v. Hunter*, 459 U.S. 359, 367-68 (1983).

REPORT AND RECOMMENDATION
PAGE -8

standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The factual basis for petitioner's second ground for relief is not set forth in petitioner's habeas petition. (Dkt. #1 at 8). However, in the briefs he filed in state court, petitioner argued that trial counsel should have objected to the in-court identification of him by one of the crime victims, Sun Whang. (Dkt. #17, Ex. 7 at 4-8). After the robbery, neither Chol Yang nor his wife Sun Whang, the owners of the jewelry store, could identify petitioner from photo montages prepared by the police. (*Id.* at 4). However, during the trial, Whang was able to identify petitioner. (*Id.*) Petitioner asserts that this in-court identification was suspect because Wang had been shown photos of petitioner before trial, which may have resulted in an "unconscious transfer" once she saw him at trial. (*Id.* at 7). Petitioner also contends that since he was the only African American male in the courtroom, Whang's identification of him was also unreliable. (*Id.*)

Evaluating whether a witness's in-court identification has been impermissibly influenced by prior police actions requires a two-part analysis. First, a court must determine whether the challenged police action was suggestive. *See Simmons v. United States,* 390 U.S. 377, 384 (1968). Second, a court must examine the totality of the circumstances to determine whether the witness's subsequent in-court identification was nonetheless reliable. *See Manson v. Brathwaite,* 432 U.S. 98, 114 (1977). The factors to be considered in assessing reliability are: (1) the witness's opportunity to view the accused at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the description, (4) the witness's level of certainty, and (5) the length of time

REPORT AND RECOMMENDATION
PAGE -9

between the crime and the confrontation. *Id.*, *citing Neil v. Biggers,* 409 U.S. 188, 199-200 (1972).

Here, petitioner fails to satisfy either prong of the two-part test. Petitioner has not shown that the use of the photo montages was suggestive, especially in light of the fact that neither crime victim identified petitioner based on the photos. Second, even if the montages were suggestive, the totality of the circumstances surrounding Whang's in-court identification supports its reliability. In particular, the Court notes that Whang testified at trial that she had observed petitioner for approximately 15 minutes when he entered her store earlier on the same day that he participated in the robbery. (Dkt. #17, Ex. 22 at 253). Whang's attention during that time appears to have been focused on petitioner and her in-court identification of him was unequivocal. (*Id.* at 252). Thus, under the totality of the circumstances, Whang's in-court identification of petitioner was reliable.

Accordingly, petitioner has failed to show that any objection by counsel to Whang's in-court identification of him would have been sustained. Petitioner thus fails to show any prejudice under *Strickland*. The state court decision rejecting his ineffective assistance of counsel claim is therefore not objectively unreasonable, and petitioner's second ground for relief should be denied.

<u>Petitioner's Third Ground for Relief: Violation of Right to Speedy Trial</u>

Petitioner next argues that his Sixth Amendment right to a speedy trial was violated by the trial court's "mismanagement" of his case. (Dkt. #10 at 9). Again, the details of this claim are set forth in petitioner's state court brief. (Dkt. #17, Ex. 7 at 9-13). Petitioner contends that his trial was delayed approximately three months due to the filing of amended informations by the prosecutor and multiple substitutions of his own trial counsel. (*Id.*)

01  A defendant's right to a speedy trial is guaranteed by the Sixth Amendment. However,
02  "[t]he Constitution does not set a specific time period within which a trial must occur. Rather,
03  Sixth Amendment speedy trial claims are assessed by considering a combination of factors,
04  including: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant
05  asserted his right to a speedy trial; and (4) the prejudice to the defendant." *United States v. Baker*,
06  63 F.3d 1478, 1497 (9th Cir. 1995) (citations omitted).

07  Here, petitioner has made no showing that the length of time between his initial court
08  appearance and the commencement of trial caused him prejudice, the fourth factor cited above.
09  The record does not disclose the reasons for the multiple substitutions of petitioner's counsel, nor
10  does it reflect that the amended informations filed by the prosecutor prejudiced him. Having failed
11  to demonstrate prejudice, petitioner has failed to show a Sixth Amendment speedy trial violation.
12  *See id.* Accordingly, the state court decision rejecting this claim is not objectively unreasonable
13  and petitioner's third ground for relief should be denied.

14  <u>Petitioner's Fourth Ground for Relief: Prosecutorial Misconduct</u>

15  Petitioner next argues that during his trial, the prosecutor "elicited inadmissible evidence
16  in violation of his obligation to ensure a fair trial." (Dkt. #10 at 11). Apparently, petitioner is
17  referring to a comment that his wife, Lisa Leighton, made at trial, when being questioned by the
18  prosecutor. (Dkt. #17, Ex. 7 at 14-18). In response to being asked to repeat a statement made
19  to her by petitioner, Ms. Leighton stated that petitioner had said "[i]t would be a good lick." (Dkt.
20  #17, Ex. 22 at 156). This phrase appears to have been a reference to petitioner's plan to rob the
21  jewelry store. (*Id.*) Trial counsel objected to the statement on hearsay grounds, but the trial court
22  overruled the objection, apparently on the basis of the rules of evidence which exclude an

admission by a party opponent from the definition of hearsay.  *See* Fed. R. Evid. 801(d)(2).  Petitioner now renews his argument that Ms. Leighton's statement should have been excluded, but casts the argument in terms of "prosecutorial misconduct."

In order to establish prosecutorial misconduct, petitioner must show that the prosecutor made comments that "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  Petitioner has failed to meet this high standard.  Indeed, petitioner has failed to show that the trial court's ruling that the statement was not hearsay was in error.  Accordingly, the state court decision rejecting this claim is not objectively unreasonable and petitioner's fourth ground for relief should be denied.

<u>Petitioner's Fifth and Sixth Grounds for Relief: Jury Instructions</u>

Petitioner next argues that the trial court erred in giving the jury an instruction on accomplice liability and a firearm instruction (ground five) and in failing to give the jury a lesser-included instruction on theft and second-degree robbery (ground six).  (Dkt. #10 at 11a).  In considering a jury instruction claim presented in a habeas petition, a federal court's review of the claim is limited to determining whether an allegedly defective jury instruction "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147 (1973) (citation omitted).  It is not sufficient that the instruction is erroneous; rather the petitioner must establish that there was a reasonable likelihood that the jury applied the instruction in a way that violated a constitutional right.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Here, petitioner has failed to show that the accomplice liability instruction or the firearm instruction were in error, much less that such error so infected the entire trial that the resulting conviction violated due process.  Similarly, the trial court's failure to give a lesser included

REPORT AND RECOMMENDATION
PAGE -12

instruction does not appear to have been in error, because, as the state appellate court observed, petitioner's defense at trial was that he was not present during the robbery. (Dkt. #17, Ex. 9 at 10-11). Thus, petitioner did not present any evidence that he participated in a lesser crime such as theft. Absent such evidence, petitioner was not entitled to a lesser included instruction. (*Id.*) Accordingly, the state court decision rejecting petitioner's claims based upon jury instructions is not objectively unreasonable and petitioner's fifth and six grounds for relief should be denied.

<u>Petitioner's Seventh Ground for Relief: Imposition of Consecutive Sentences</u>

Finally, petitioner argues that the trial court violated the principle set forth by the Supreme Court in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), when the court imposed consecutive sentences for petitioner's two kidnapping convictions. In *Blakely*, the Supreme Court held that an exceptional sentence imposed by a state judge violated the Sixth Amendment because the facts supporting the exceptional sentence were neither admitted by the defendant nor found by a jury. *Id.* In petitioner's case, the sentencing court based its decision to impose consecutive sentences on the two kidnapping charges on its determination that kidnapping two different individuals constituted "separate and distinct criminal conduct" for purposes of Washington sentencing law. *See* RCW 9.94A.589(1)(b). Petitioner argues that this act of judicial "factfinding" usurped the jury's role under the Sixth Amendment and violated the principle set forth in *Blakely*.

Respondent argues that petitioner's claim does not meet the threshold requirement for habeas relief, *i.e.*, that a claim be based upon a violation of "clearly established Federal law, *as determined by the Supreme Court*." 28 U.S.C. § 2254(d)(1) (emphasis added). (Dkt. #27 at 12-17). Respondent contends that *Blakely* did not apply to consecutive sentences and that it cannot reasonably be stretched to cover petitioner's situation.

REPORT AND RECOMMENDATION
PAGE -13

01       The Supreme Court recently reiterated that the phrase "clearly established federal law"
02 refers only to the holdings of the Supreme Court at the time of the relevant state court decision.
03 *See Carey v. Musladin*, 549 U.S. __, 127 S. Ct. 649, 656 (2006).  Here, petitioner does not cite
04 to any Supreme Court decision that extended *Blakely* to consecutive sentences, nor to any other
05 court that has so extended the reach of *Blakely*.  Indeed, it appears that the vast majority of courts
06 that have considered this question have reached the conclusion that judicial factfinding in support
07 of consecutive sentences does not violate the Sixth Amendment.[3]
08       Accordingly, it appears that petitioner's challenge to his consecutive sentences is not based
09 upon "clearly established law," as required by the habeas statute.  *See* 28 U.S.C. § 2254(d)(1).
10 Therefore, petitioner has not presented a cognizable claim for review and his seventh ground for
11 relief should be denied.

## CONCLUSION

13       For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be
14 denied with prejudice.  A proposed Order reflecting this recommendation is attached.
15       DATED this 24th day of July, 2007.

                                    Mary Alice Theiler
                                    United States Magistrate Judge

---

[3] *See, e.g., State v. Tanner* 210 Or. App. 70 (2006); *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005); *State v. Cubias*, 155 Wash. 2d 549 (2005); *State v. Abdullah*, 184 N.J. 497 (2005); *State v. Senske*, 692 N.W.2d 743 (Minn. Ct. App. 2005); *cf. United States v. Dees*, 467 F.3d 847, 854 (3rd Cir. 2006).  *But see State v. Foster*, 845 N.E. 2d 470, 491 (Ohio 2006).